# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NELSON QUINTEROS, | No. 4:17-CV-00290 |
| Plaintiff. | (Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| WARDEN CRAIG A. LOWE, | |
| Defendant. | |

# ORDER

**JUNE 8, 2018**

1. Petitioner Nelson Quinteros has been in the custody of the United States Immigration and Customs Enforcement ("ICE") since 2014.

2. In unrelated proceedings, he is currently challenging an order of removal to El Salvador.

3. As a result of an order from this Court, a bond hearing for Mr. Quinteros was held before an immigration judge ("IJ") on November 23, 2016.

4. That same day, after the conclusion of the hearing, the IJ issued an order denying Mr. Quintero's request for release on bond.

5. On December 15, 2016, the IJ issued a Bond Memorandum detailing the reasons for his decision.

6. On February 16, 2017, Mr. Quinteros filed the instant Petition for a Writ of Habeas Corpus, arguing that the IJ failed to properly consider the evidence and evidentiary burden during the bond hearing, in violation of Mr. Quinteros's due process rights.[1]

7. In an April 23, 2018 Report and Recommendation, Magistrate Judge William I. Arbuckle—after carefully reviewing and detailing the proceedings conducted in front of the IJ—concluded that Mr. Quinteros was afforded due process in his bond hearing. ECF No. 21.

8. Magistrate Judge Arbuckle therefore recommended denying Mr. Quinteros's petition. *Id.*

9. Mr. Quinteros objected to Magistrate Judge Arbuckle's Report and Recommendation. ECF No. 22.

10. After conducting a *de novo* review of the record and briefing,[2] this Court agrees with Magistrate Judge Arbuckle's recommendation, and will adopt both his conclusion and his reasoning in its entirety.[3]

---

[1] A few days later, on February 23, 2017, the Board of Immigration Appeals ("BIA") affirmed the IJ's order after conducting a *de novo* review of the facts.

[2] 28 U.S.C. § 636(b)(1).

[3] Because this Court has determined that Mr. Quinteros was afforded due process in his bond hearing, it need not address the Government's argument that Mr. Quinteros was not entitled to that hearing in the first place. *Compare Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) *with Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

11. Therefore, **IT IS HEREBY ORDERED** that:

    a. Magistrate Judge Arbuckle's Report and Recommendation, ECF No. 21, is **ADOPTED IN ITS ENTIREY**; and

    b. Petitioner's Amended Petition for a Writ of Habeas Corpus, ECF No. 15, is **DENIED**.

12. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge